GARY W. GORSKI
Attorney at Law
1207 Front Street, Suite 15
Sacramento, CA 95814
Telephone: (916) 965-6800
email: usrugby@gmail.com
GARY W. GORSKI - CBN: 166526

DANIEL M. KARALASH
Attorney at Law
1207 Front Street, Suite 15
Sacramento, CA 95814
Telephone: (916) 787-1234
email: dan@stratlaw.org
DANIEL M. KARALASH - SBN: 176422
Attorneys for Plaintiff DAVID W. GREGOIRE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. GREGOIRE, | NO. 2:13-cv-01857-TLN-DAD |
| Plaintiff, | **PROTECTIVE ORDER FOR DISCOVERY** |
| vs. | |
| COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; SHERIFF SCOTT JONES, in his official capacity only; DEPUTY ANTHONY JENKINS in his individual capacity, | |
| Defendants. | |

    1. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby stipulated by and between Plaintiff and Defendants through their respective counsel, and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth

below:

2. "Designating Party" means any one of the Parties producing Documents or information under this Protective Order.

3. "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

4. "Protected Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information. **[The primary purpose and limit of this protective order is to prevent the dissemination of personal information, such as medical records, employee personnel files and disciplinary history, internal affairs investigations, social security numbers, dates of birth, addresses and telephone numbers, so that if the information is filed in court (other than at the time of trial which is open to the public), private information is redacted. It is not the intent of this protective order to redact any other information from documents unless application is made for a separate protective order.]** The Confidential material produced pursuant to this Order will be redacted pursuant to Eastern District Local Rule 140, including redactions with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including account numbers); and (iv) in all circumstances when federal law requires redaction. Each redaction must be identified by showing what information has been redacted (e.g. "social security number," etc.).

    A. "**CONFIDENTIAL**" designates information that a Designating Party reasonably believes to be confidential due to safety or security reasons and that is not readily available to the public. In addition, the "Confidential" designation contains information the disclosure of which is likely to result in imminent or substantial endangerment to a private individual or County of Sacramento employee.

    B. Information that may be redacted with respect to law enforcement officers

and officers of the court, includes: (i) marital status; (ii) current home addresses; (iii) current home or personal telephone numbers; (iv) social security numbers; (v) dates and places of birth; and (vi) in all circumstances when federal law requires redaction." (See LR 140.) Each redaction must be identified by showing what information has been redacted (i.e., "current address," "current home telephone," "social security number," etc.).

   C. Protected Information shall not include: (i) information that is in the public domain at the time of disclosure; (ii) information that after disclosure is published or becomes part of the public domain through no fault or action (in whole or in part) of any Party receiving information under this Protective Order, but only after it is published or comes into the public domain; (iii) information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third party.

 5. This Protective Order shall apply to all Protected Information exchanged by any Party, including, without limitation, Documents, things, other discovery materials, depositions, testimony, or other papers produced, filed, generated, or served by a party in this litigation.

 6. All Protected Information produced and designated as confidential hereunder shall have affixed on each document produced with a bate stamps including the word "confidential", with a separate cover sheet designating the bate stamp numbers subjected to the protective order. The parties will use due care to designate as Protected Information only Documents or other materials that truly encompass such information.

 7. Protected Information may be disclosed only to the following:

   A. counsel [and parties to the case] for the receiving party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Protected Information;

   B. experts and consultants who are requested by counsel of the receiving party to furnish technical, legal, expert, or other specialized services in connection with this litigation;

   C. an officer before whom a deposition is taken, including stenographic

reporters and any necessary secretarial, clerical, or other lay personnel of such officer; and

   D. any other person to whom the parties agree in writing or as allowed by the Court.

 8. No Protected Information shall be provided to any counsel until this stipulation is signed by counsel for the parties. In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order to the expert and require and receive an executed acknowledgment of the Order by the expert prior to providing the records to any retained expert.

 9. Designations of Discovery

   A. Depositions may be designated as Protected Information in accordance with this Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party in writing, within ten (10) calendar days of receipt of the transcript by both parties, of the pages and lines of the transcript that contain the Protected Information. In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use. If any Confidential Material is used in a deposition then arrangements shall made with the court reporter either to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately or to mark the designated testimony as confidential. If a party requests separate binding of confidential information, the requesting party shall incur the increased costs for the separate binding.

   B. Answers to interrogatories and requests for admission may also be designated confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

   C. Notwithstanding Paragraph 7 above, other persons may be shown a specific item of "Protected Information" of the producing party if such persons are identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of an exact duplicate of said specific item.

 10. This protective order shall in no way limit the privacy protections regarding medical

records and information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule").

11. This protective order shall in no way limit the privacy protections seperately afforded to peace officers.

12. Compliance With Eastern District Local Rule 141. The Court's approval of this Protective Order shall not be viewed as an attempt to have the Court pre-rule on the appropriateness regarding the sealing of any document or documents nor is this proposed Protective Order a request for a blanket ruling permitting that documents in this case be filed under seal or in any way to sidestep the requirements contained in the local rules and Federal Rules of Civil Procedure.

   A. All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a party as comprising or containing Protected Information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be lodged with the Court for filing in accordance with Local Rule 39-141.

   B. The confidential portions of Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with Local Rule 39-141.

13. If the receiving party disagrees with the confidential or redacted status of any Document or other material, the receiving party will notify and confer with the producing party to request reclassification of the Document or material. If no agreement has been reached within ten (10) court days of such notification or a later date if agreed to in writing by the parties, the receiving party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Order. If such a request is made, the party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

14. Privileged Information

   A. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

   B. In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing party thereof. Immediately upon receiving such notice, counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (10) calendar days of such notice, the producing party may, within ten (10) calendar days thereafter, petition the Court on an expedited basis to resolve the matter. If the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information returned to the party who inadvertently produced them. The period of time that elapses while a party follows the procedures set forth in this Paragraph 14 for resolving any inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was unreasonable under the circumstances.

15. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

16. This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

17. Subject to Paragraphs 14 and 15 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 days of final termination of this action which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

IT IS SO STIPULATED:

Dated: December 12, 2013                    LONGYEAR O'DEA & LAVRA, LLP
                                            By /s/Amanda L. McDermott
                                            John A. Lavra
                                            Amanda L. McDermott
                                            Attorneys for Defendants


Dated: December 12, 2013                    By /g/Gary W. Gorski
                                            Gary W. Gorski
                                            Attorney for Plaintiff


### ORDER

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

**Dated:  January 8, 2014**

```
Ddad1\orders.civil
gregoire1857.stip.protord.docx
```

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE