UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. GREGOIRE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:13-cv-01857-TLN-DB<br><br><br><br>**ORDER** |

Plaintiff filed a motion for leave to amend the first amended complaint and modify the pretrial scheduling order and the final pretrial order. (ECF No. 75.) Defendants have filed a statement of non-opposition agreeing that amendment of the complaint "will simplify the issues presented to the jury and promote judicial efficiency." (ECF No. 78.) Due to this non-opposition, the motion is GRANTED. Plaintiff shall file the amended complaint forthwith. Upon its filing, a revised final pretrial order will issue deleting the substance of Section XV of the original final pretrial order.

Two additional matters deserve mention. Plaintiff's motion set the matter for hearing on less than 28 days notice in violation of Local Rule 230(b). Moreover, Plaintiff's attorney acknowledges in his declaration that the Rule 16(b) standard for amendment is "good cause." (ECF No. 76 at 1.) As mentioned at the final pretrial conference, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v.*

1

*Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiff's attorney's declaration makes no effort to show diligence.  A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Id*. at 610.  The same is true of the Local Rules.

      IT IS SO ORDERED.

Dated: September 21, 2017

                              Troy L. Nunley
                              United States District Judge