GARY W. GORSKI - CBN: 166526
LAW OFFICES OF GARY W. GORSKI
3017 Douglas Blvd. Suite 150
Roseville, CA 95661
(916) 758-1100
CivilRightsAttorney@outlook.com

DANIEL M. KARALASH - SBN: 176422
Attorney at Law
3017 Douglas Blvd. Suite 150
Roseville, CA 95661
(916) 787-1234
email: dan@stratlaw.org
Attorneys for Plaintiff David W. Gregoire

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. GREGOIRE,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT a.k.a. SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; SHERIFF SCOTT JONES, in his official capacity only; DEPUTY ANTHONY JENKINS in his individual capacity;<br><br>Defendant(s). | CASE NO.: 13-cv-01857-TLN-DB<br><br>SECOND AMENDED COMPLAINT FOR:<br><br>1. **42 U.S.C. § 1983** (Excessive force - Deputy Anthony Jenkins)<br><br>2. Cal. Civil Code § 3342 **(Strict Liability** as to Defendants County of Sacramento, Sheriff's Department a.k.a. Sacramento County Sheriff's Department, County of Sacramento and Sheriff Scott Jones [in his official capacity] only)<br><br>**DEMAND FOR JURY TRIAL**<br><br>F.R.C.P., Rule 38(a) |

Plaintiff alleges:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned constitutional and statutory provisions.

2. Tort Claim was timely filed February 14, 2013. The Tort Claim was confirmed received on February 21, 2013 by the County of Sacramento, notifying Plaintiff that George Hill would handle the claim administration.

## VENUE

3. The unlawful actions alleged herein have taken placed within the jurisdiction of the United States District Court for the Eastern District of California. Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff DAVID W. GREGOIRE at all relevant times is an adult male.

5. Defendant COUNTY OF SACRAMENTO is an incorporated municipality created under the constitution, laws and statutes of the State of California. COUNTY OF SACRAMENTO, Sheriff's Department is an agency subject to the control of the COUNTY OF SACRAMENTO.

6. Defendant COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT a.k.a. SACRAMENTO COUNTY SHERIFF'S DEPARTMENT was and is at all times relevant herein a law enforcement agency which employed duly appointed and acting California Peace Officers.

7. At all times mentioned herein, Defendant COUNTY OF SACRAMENTO, by and through it Sheriff's agency, was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of California and/or the COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT.

8. Defendant SHERIFF SCOTT JONES is named in his official capacity only, and his naming in this action also means COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT.

9. DEPUTY ANTHONY JENKINS at all relevant times was employed by Defendants as a Deputy Sheriff and acting under color of law.

## FIRST CAUSE OF ACTION
(42 U.S.C. §1983)
(Excessive Force by Deputy Anthony Jenkins in his individual capacity)

10. Plaintiff incorporates paragraphs 1 through 10 as though fully set forth herein at length.

11. On or about September 9, 2012, Plaintiff was on his own property, walking

1  towards his house when a Sacramento Sheriff police dog bit the leg of Plaintiff for absolutely no
2  reason.
3        12.  At the time plaintiff was attacked by the police dog, Plaintiff was not
4  violating any laws, committing any crimes, nor interfering with any police activity.
5        13.  Plaintiff was never arrested nor charged for violation of any law or ordinance.
6        14.  The dog bite became infected.
7        15.  Defendant DEPUTY ANTHONY JENKINS allowed a vicious uncontrolled
8  and unleashed dog to leave his vehicle and the dog immediately attacked Plaintiff.
9        16. Defendant DEPUTY ANTHONY JENKINS his same handler apparently
10 allowed another dog of his to be killed by allowing it to run uncontrolled into traffic on a four
11 lane roadway.
12        17.  On or about October 23, 2012, Plaintiff submitted to Defendant County of
13 Sacramento, Sheriff's Department written Internal Affairs complaint (hereinafter "Internal
14 Affairs" is abbreviated as "IA").
15        18.  The IA complaint stated: "K9 handler allowed an uncontrolled and unleashed
16 dog leave his vehicle and the dog immediately attacked me, bit my leg, and then released on my
17 property.  This took place when the officers were dealing with a suspect on the opposite side of
18 the street in a residential neighborhood -- officers apparently rammed their police vehicle into
19 the suspects vehicle.  There was no justifiable reason to allow an unleashed K9 to exit the police
20 vehicle uncontrolled and to attack the first person it saw. It is my understanding that this same
21 officer allowed another dog under his care and control (named Ado) to be killed in traffic when
22 the officer allowed the dog to run into 4 lanes of traffic. My complaint is that there is a lack of
23 care for both the safety of the animals and the public. It is irresponsible to allow an unleashed
24 dog (trained to attack) to roam the streets without any control in place. Please let me know when
25 you have interviewed the officer about this."
26        19.  On November 9, 2012, Defendant County of Sacramento, Sheriff's
27 Department acknowledged receipt of Plaintiff's IA Complaint, but did not investigate to
28 determine if there was any misconduct, negligence, or excessive force employed by defendant

1  JENKINS.  Attached hereto as **Exhibit "1"** is a true and correct copy of the November 9, 2012,
2  correspondence which is incorporated herein.
3        20.   Defendant COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT
4  refused to investigate, retrain and discipline officer JENKINS after an IA complaint was made.
5        21.  The excessive force was entirely unjustified by any action of Plaintiff and
6  constituted unnecessary, unreasonable, and excessive use of force.
7        22. During the time Plaintiff was being subjected to unnecessary and excessive
8  force, Defendant JENKINS was acting under color of law and following Sheriff's Department
9  policy for using force, including a policy which does not require police dogs to be leashed at all
10 times when exiting the vehicle.
11       23.  At no time was it necessary to use force against Plaintiff or any other person
12 at the time the K-9 weapon was released.
13       24. At the time of Plaintiff being brutalized, PLAINTIFF was not violating any
14 laws that justified the use of force, nor was he making any overt threats for the use of force that
15 would place a reasonable officer is fear of his safety.
16       25. The excessive force employed violated Plaintiff's rights under the Fourth,
17 Fifth, and/or Fourteenth Amendments to the United States Constitution.
18       26.  The direct and proximate result of DEFENDANTS' acts are that PLAINTIFF
19 has suffered severe and permanent injuries.
20       27.  The direct and proximate result of DEFENDANTS' acts are that PLAINTIFF
21 has suffered emotional distress and mental anguish.
22       28. Plaintiff's injuries include, but are not limited to, puncture wounds on the leg
23 that became infected and injury and pain to the knee where none had previously existed, and the
24 exacerbation of pre-existing recent back surgery pain.  In addition, the impact and bite of the K9
25 is the proximate cause as to why he now suffers from tissue damage and arthritis which was
26 never previously diagnosed (nor was there any pain present) prior to the dog bite, and was forced
27 to and continues to endure great pain and suffering, and to incur medical expenses and was
28 deprived of his physical liberty.

1  29.  PLAINTIFF is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

30.  Defendants subjected Plaintiff to such deprivations by either malice or a reckless disregard of Plaintiff's rights.

31.  PLAINTIFF is entitled to an award of punitive damages to punish and to deter such conduct.

32. As a direct and proximate result of Defendant, Plaintiff has been injured according to proof, including, out of pocket medical costs, and lost income, and being subjected to a medical lien by Kaiser, bruises, damage to his psyche, shock to nervous system and other damages not yet known.

## SECOND CAUSE OF ACTION
(Strict Liability - Cal. Civil Code § 3342)
(Defendants COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT a.k.a. SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; SHERIFF SCOTT JONES, in his official capacity only)

33.  Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein at length.

34.  Defendants COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT a.k.a.  SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO and SHERIFF SCOTT JONES (in his official capacity only) dog bit Plaintiff.

35.  Plaintiff was lawfully on his private property when he was bitten.

36. The dog was a substantial factor in causing harm and injury to Plaintiff.

37.  Plaintiff has suffered damages suffered as a result of the dog bite.

38.  Plaintiff has been damages according to proof.

WHEREFORE, Plaintiff requests this court to:

1.  Award actual damages to Plaintiff,

2.  Award compensatory damages against Defendants, and each of them jointly and severally;

3.  Award special damages against Defendants, and each of them jointly and severally;

     4. Award punitive damages against Defendant Jenkins in an amount based his individual conduct and ability to pay, and to deter future conduct;

     5. Award costs of this action, including attorneys' fees; and,

     6. Award such other and further relief as this Court may deem appropriate.

Respectfully Submitted,
LAW OFFICES OF GARY W. GORSKI

DATED: September 15, 2017     /s/ Gary W. Gorski
GARY W. GORSKI,
Attorney for Plaintiff

**SACRAMENTO COUNTY**  **SHERIFF'S DEPARTMENT**

*Scott R. Jones*
Sheriff

November 9, 2012

David Gregoire

Dear Mr. Gregoire;

The purpose of this letter is to acknowledge receipt of your complaint we received regarding issue you had with a K9 Unit from our Department.

I reviewed the crime report related to your complaint and read your complaint. There is no indication from the material provided that any of our employees have committed any acts of misconduct.

I would suggest you fill out the attached claim form for any losses or injuries you have endured during this event.

If you have any questions concerning this investigation, you may contact Sergeant Drew Wyant; Internal Affairs at (916) 874-5098.

Very truly yours,

SCOTT R. JONES, SHERIFF

Sergeant Drew Wyant
Professional Standards Division